<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTA BRYCELAND, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS GUT, <br><br> Defendant. | Civil Action No. 24-6863 (SDW) (MAH) <br><br> **WHEREAS OPINION** <br><br> September 23, 2024 |

    **THIS MATTER** having come before this Court upon *pro se* Plaintiff Marta Bryceland's ("Plaintiff") Notice of Removal of a Complaint adjudicated in Richmond County Family Court of New York (D.E. 1), an accompanying application to proceed *in forma pauperis* (D.E. 1-4), and Plaintiff's Application for Expedited Review and Relief under 18 U.S.C. § 2261 (D.E. 3 ("Application")); and

    **WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating she is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(a)(1), (e)(2)(B); see *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

    **WHEREAS** Plaintiff's application to proceed *in forma pauperis* sufficiently demonstrates that Plaintiff cannot pay the filing fee because she (1) suffered a hit and run accident in late 2023 and has been unable to work since, (2) receives benefits under the New Jersey Supplemental

Nutrition Assistance Program ("NJ SNAP") and Work First New Jersey ("WFNJ"), New Jersey's cash assistance program, and (3) has a high debt-to-income ratio. (D.E. 1-2 at 13, 15, 24, 27, 35; D.E. 1-5 at 2–4.) *See* 28 U.S.C. § 1915(a)(1); and

**WHEREAS** on June 7, 2024, Plaintiff removed a family law proceeding, in which she is the defendant, from New York state court to the instant Court. (D.E. 1.) Although difficult to parse, it seems that Defendant Thomas Gut ("Defendant") obtained custody of Plaintiff and Defendant's child, N.B., and instituted child support proceedings in Richmond County Family Court against Plaintiff. (D.E. 1-2 at 30, 34 ¶ 9.) Plaintiff maintains that Defendant "falsely brings claims" against her, "alleging that she is employed, although he and his attorney have full knowledge of the fact that [Plaintiff] has been disabled since" her accident in September 2023. (D.E. 1-2 at 32 ¶ 5.) Plaintiff contends that Defendant's family court proceeding is "frivolous, made in bad faith, and to further domestic violence by financial exploitation and abuse of the judicial system." (*Id.*); and

**WHEREAS** Plaintiff alleges that the Richmond County Family Court proceedings have been prejudicial to her and "mired in violations of her due process of law" given that the family court issued an "Order-General Motion Schedule," notwithstanding Plaintiff's challenge to the family court's jurisdiction and the lack of effective service of process.[1] (D.E. 1-2 at 33 ¶ 7.) She requests that this Court issue a protective order barring all Richmond County courts from issuing further orders in the family court proceeding. (D.E. 1 at 4.)

---

[1] The "Order-General Motion Schedule" issued by a support magistrate on April 9, 2024 was a "non-final order setting forth the briefing schedule" for three motions. (D.E. 1-2 at 50.) In family court. Plaintiff challenged the support magistrate's order on the grounds that she was prejudiced by its lack of clarity and also contended that her motion to dismiss for lack of personal jurisdiction should be heard prior to Defendant's motion seeking to establish an order of support. (*Id.* at 45, 51.) On June 6, 2024, the Honorable Karen B. Wolff, J.F.C., issued a decision granting in limited part Plaintiff's objection to the "Order-General Motion Schedule" issued by the Support Magistrate and remanding the matter so that a revised order could be issued. (D.E. 1-2 at 47.)

**WHEREAS** Plaintiff asserts there is federal question jurisdiction because she is asserting claims under 42 U.S.C. § 1983 for deprivation of rights under color of law and 42 U.S.C. § 1985 for conspiracy to deprive her of her rights. (D.E. 1 at 4.) Plaintiff also asserts that she is entitled to child support under Part D of Title IV, 42 U.S.C. §§ 651–669b. (*Id.* at 2.) Further, Plaintiff claims there is diversity jurisdiction because she resides in New Jersey and Defendant resides in New York. (D.E. 1 at 3.)

**WHEREAS** pursuant to Federal Rule of Civil Procedure 8(a) ("Rule 8"), "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The complaint must apprise the defendant with "fair notice of what the claim is and the grounds upon which it rests," containing "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

**WHEREAS** "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts "are obliged to notice jurisdictional issues and raise them on their own initiative." *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 (2017) (citing *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)). "Although courts hold pleadings drafted by pro se litigants to less stringent standards than those drafted by lawyers, pro se litigants still bear 'the burden of showing that the case is properly before the court at all stages of the litigation.'" *Ingris v. Borough of Caldwell*, No. 14-6388, 2015 WL 758680, at *2 (D.N.J. Feb. 23, 2015) (quoting *Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 466 (D.N.J. 2012)); and

**WHEREAS** a federal court lacking subject matter jurisdiction over a removed case must remand the matter back to state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). For the *Rooker-Feldman* doctrine to apply, the following four requirements must be met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* at 166 (alterations in original) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); and

**WHEREAS** this Court construes Plaintiff's Complaint essentially as an appeal from the state court family law judgment. *See id.* at 165; (D.E. 1 at 4 ("Plain[t]iff, humbly begging this court for the Pro [bono] attorney assignment . . . to Represent in the current civil action being removed to this court.").) The family court's June 6, 2024 decision only granted Plaintiff's objection in limited part and did not dismiss the action as Plaintiff wanted. (D.E. 1-2 at 53.) In her Complaint, Plaintiff asks this Court to issue a protective order barring all Richmond County courts from issuing further orders in the family court proceeding. (D.E. 1 at 4.) Under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction to hear this case. *See Fox Rothschild*, 615 F.3d at 166. This result is consistent with other cases. *See, e.g.*, *Lee v. Gallina-Mecca*, No. 23-6495, 2024 WL 2130683, at *4 ("[T]o the extent that [p]laintiff is seeking to overturn a state court's family law ruling, [p]laintiff needs to be aware of the *Rooker-Feldman* doctrine. . . . If the *Rooker-Feldman* doctrine applies, this Court will abstain from hearing [p]laintiff's claims.")

(D.N.J. May 13, 2024); *Farzan v. Farzan*, No. 17-2962, 753 Fed. App'x 120, 121 (3d Cir. Feb. 15, 2019) (finding no error in the district court's decision remanding the plaintiff's case involving a child support dispute from federal court back to New Jersey state court); *Peisch v. Ochs*, No. 18-11596, 2018 WL 3756446, at *2–3 (concluding the court lacked subject matter jurisdiction because plaintiff's parental rights claims fell "squarely within the *Rooker-Feldman* doctrine") (D.N.J. Aug. 8, 2018); and

**WHEREAS** "[a] federal district court may have subject-matter jurisdiction if a federal question is raised" or if there is diversity jurisdiction. *Ingris*, 2015 WL 758680, at *2. Federal question jurisdiction is present "only if the complaint seeks a remedy expressly granted by federal law or if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition." *Jayme v. MCI Corp.*, 328 Fed. App'x 768, 770 (3d Cir. 2008) (internal quotations and citations omitted). Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value" of seventy-five thousand dollars and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

**WHEREAS** even if the *Rooker-Feldman* doctrine did not apply, Plaintiff's assertions of jurisdiction fall short because she fails to comply with Rule 8's pleading requirements. Plaintiff cites 42 U.S.C. § 1983 but does not identify what federal right she has been deprived of let alone how she has been deprived of these. The same goes for her claims under § 1985 and Title IV. Plaintiff merely cites statutory provisions or states she is entitled to relief in a conclusory fashion; without more, these claims are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (alterations in original) (quoting *Twombly*, 550 U.S. at 555, 557);

*Lee*, 2024 WL 2130683, at *1, 3–4 (dismissing the plaintiff's complaint asserting § 1983 and § 1985 claims against defendants for their conduct in an ancillary family court matter for failure to comply with Rule 8).  This Court concludes that Plaintiff's claim of diversity jurisdiction is deficient for the same reasons; therefore

Plaintiff's application to proceed *in forma pauperis* is **GRANTED** and Plaintiff's Complaint is *sua sponte* **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.  Because this Court lacks subject matter jurisdiction, it need not address Plaintiff's request for *pro bono* counsel (D.E. 1-5 at 5.)  An appropriate order follows.

                                                      /s/ Susan D. Wigenton
                                          **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Parties
              Michael A. Hammer, U.S.M.J.